**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KHADAFY VELEZ ,**
                    **Plaintiff,**

**-vs-**                                                          **Case No.  6:08-cv-1120-Orl-31KRS**

**FAMILY DOLLAR STORES OF**
**FLORIDA, INC.,**
                    **Defendant.**

## ORDER

This matter comes before the Court on the Defendant's Unopposed Motion for Leave to File Confidential Settlement Agreement and Release Under Seal (Doc. 21).  This Court is required to review and approve settlements where, as here, a plaintiff has alleged that a defendant has violated the Fair Labor Standards Act.  *See*, *e.g.*, *Lynn's Food Stores, Inc. v. United States*, 672 F.2d 1350, 1353 (11th Cir. 1982).  According to the Defendant, the terms of the settlement agreement require the parties to keep its terms confidential, and therefore the parties seek to have it sealed.

American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).  This common-law right of access is an essential component of our system of justice, and is instrumental in securing the integrity of the process.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001).  Within this Circuit, this right generally extends to "pleadings, docket entries, orders, affidavits or depositions duly filed," but not to information collected through discovery that is not

a matter of public record. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987). This common-law right of access to judicial records is not absolute, and the decision as to access is left to the sound discretion of the trial court, to be exercised in light of the relevant facts and circumstances of the particular case. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981).[1]

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest. *Id.*

The judicial record at issue here – a settlement agreement – does not fall into one of the categories, such as discovery materials, that are generally shielded from public view. It is not clear whether the First Amendment right of access would apply in this case. However, the Defendant's only argument in favor of limiting access is that the terms of the settlement agreement require it. There is no suggestion, much less a showing, that either party could suffer harm if the public were to have access to the terms of the settlement agreement. This is not sufficient to overcome the common law right of access, and therefore the Court need not consider whether the First Amendment right of access also applies.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In consideration of the foregoing, it is hereby

**ORDERED** that Defendant's Unopposed Motion for Leave to File Confidential Settlement Agreement and Release Under Seal (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 3, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE